IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN L. VARGOCKO | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Plainitff, | ) | |
| | ) | |
| v. | ) | No. 06 C 4409 |
| | ) | CHIEF JUDGE HOLDERMAN |
| OSBORN SERVICE & REPAIR | ) | |
| and BOB OSBORN | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to recover back wages, liquidated damages and other damages for discriminatory discharge. Federal question jurisdiction is posited upon 28 U.S.C. 1331. The claim arises under the "Fair Labor Standards Act" (hereinafter the "Act"), and the discriminatory discharge proscription of the Act, Title 29 U.S.C. §215(a)(3).

2. The violations of the Acts occurred within this judicial district, at or near Chicago, Illinois. The defendant is an "employer" within the meaning of the Act, to wit, 29 U.S.C. 203(a) and (d).

### STATEMENT OF CLAIM

3. At all time relevant hereto, plaintiff was employed by defendant as a comptroller at an annual salary of $51,000.00. As part of her duties, plaintiff was responsible for issuing payroll checks and overtime wages to hourly employees. During the time employed, plaintiff expressed opposition to defendant's failure, neglect or refusal to pay overtime wages under federal law, 29 U.S.C. 207(a)(1), to all hourly

employers employed by them in Illinois and Michigan, namely carpenters and demolition crew, most of whom were of Mexican national ancestry, most of whom had limited English language skills. These workers worked as much as 80 hours in each work week for which they were not paid overtime wages at the rate of one and one-half their regular rate, in violation of 29 U. S.C. 207(a)(1); instead, these overtime hours were compensated at straight time, i.e. between $13.00 and $22.00 per hour, rather than in accordance with federal law.

4. On or about December 28, 2016 plaintiff again expressed her opposition to defendant's unlawful conduct of not paying overtime wages to Mexican ancestry employees. She did this by sending to Mr. Eric Payne a definition from the Illinois Department of Labor of "wage theft" and that such was unlawful in Illinois.

5. As a result of such complaint to management, on or about January 5, 2017, plaintiff was maliciously discharged from her position of gainful employment by Mr. Mike Seija, in violation of the discriminatory discharge proscription of the Act, 29 U.S.C. §§207(a)(1) and 215(a)(2) and (3).

6. Following plaintiff's discharge, she was caused to, and did, sustain lost income as a result of displacement from her position, and emotional and physical suffering; and, as a further result thereof, there is now overdue to him lost wages plus liquidated damages, and both compensatory and punitive damages, plus attorney's fees and costs of the action, pursuant to 29 U.S.C. 216(b).

**PRAYER FOR RELIEF**

7. WHEREFORE, plaintiff, JULIA E. BONNER, asks the court to enter

judgment, upon the verdict of a jury, in his favor, and against the defendant for all relief to which she may be reasonably entitled, including all lost wages sustained with liquidated damages plus compensatory and punitive damages, plus reasonable attorney's fees and costs of the action, as provided by 29 U.S.C. §216(b), to deter this and other employers from similar conduct in the future.

        s/Ernest T. Rossiello
        ERNEST T. ROSSIELLO

        Ernest T. Rossiello & Associates, P.C.
        134 North LaSalle Street, Suite 1760
        Chicago, Illinois 60602-1137
        ETRLaw@aol.com
        (312) 346-8920

Attorney for Plaintiff

Dated:  February 4, 2018
        Chicago, Illinois